IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01638-BNB

ERIC CHRISTOPHER PROVENCIO,

Plaintiff,

v.

HARLEY G. LAPPIN, B.O.P., Director, Federal Bureau of Prisons,
MICHAEL K. NALLEY, B.O.P. Regional Director, North Central Regional, and
HARRELL WATTS, Administrator, National Inmate Appeals,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 29 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, Eric Christopher Provencio, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On July 12, 2010, Mr. Provencio filed a *pro se* Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He has been granted leave to proceed *in forma pauperis*.

The Court must construe the complaint liberally because Mr. Provencio is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Provencio has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under *Bivens*, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of federal law. For the reasons stated below, the complaint and action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Provencio asserts one claim in the complaint. He alleges that BOP Program Statement 1130.16/1330.13 violates his First Amendment right to access the courts. He alleges that this BOP program statement prevents him from exhausting his administrative remedies at his facility because it requires the inmate to submit "one copy of support exhibits, [and] further states that exhibits will not be returned with the response," but yet requires that "copies of exhibits must be filed for any appeal . . . ." Complaint at 4. He further complains that "the inmate is encouraged to retain a copy of all exhibits for his personal records." *Id.* Mr. Provencio appears to assert that this program statement prevents him from accessing the courts because it requires him to make numerous copies of his exhibits during the process of exhausting his administrative remedies. Mr. Provencio seeks damages in addition to injunctive relief. *Id.* at 8.

To assert a claim for denial of access to the courts, Mr. Provencio must plead and prove that he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by

2

showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither of the examples set forth in *Casey* are at issue in this case. Accordingly, Mr. Provencio has failed to state an actual injury in this case. *See Casey*, 518 U.S. at 349-353. Moreover, Mr. Provencio has no constitutional right, *per se*, to photocopies. *See, e.g., Mears v. Thomas*, 83 F.3d 432, 432 (10th Cir. 1996) (citing *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980)). Therefore, because Mr. Provencio fails to allege facts that might support an arguable claim, the complaint will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and Action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __29th__ day of __July__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01638-BNB

Eric Christopher Provencio
Reg No. 25695-086
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/29/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk